## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | **Case No.** CR-17-118-HE |
| | ) | |
| **SUSAN MICHELLE TYSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLEA AGREEMENT

### Introduction

1.      This   document,   in   conjunction   with   a   Supplement   filed
contemporaneously under seal, contains the entire plea agreement between
defendant,   Susan   Michelle   Tyson,   and   the   United   States   through   its
undersigned attorney.   No other agreement or promise exists, nor may any
additional   agreement   be   entered   into   unless   in   writing   and   signed   by   all
parties.   Any unilateral modification of this agreement is hereby rejected by
the United States.   This agreement applies only to the criminal violations
described   and   does   not   apply   to   any   civil   matter   or   any   civil   forfeiture
proceeding except as specifically set forth.   This agreement binds only the
United States Attorney's Office of the Western District of Oklahoma and does
not   bind   any   other   federal,   state,   or   local   prosecuting,   administrative,   or

regulatory authority.  If defendant does not accept the terms of this agreement **by Friday, May 26, 2017**, the offer is withdrawn.

## Guilty Plea

2.     Defendant agrees to enter a plea of guilty to a one-count Information charging her with wire fraud, in violation of 18 U.S.C. § 1343.  To be found guilty of violating 18 U.S.C. § 1343, as charged in Count One of the Information, the defendant must admit that between on or about July 11, 2014, until on or about January 20, 2017, in the Western District of Oklahoma: (1) she devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature); (2) she acted with the intent to defraud; and (3) in advancing, furthering, or carrying out the scheme, she transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## Maximum Penalty, Restitution, and Special Assessments

3.     The maximum penalty that could be imposed as a result of this plea to Count One of the Information is twenty (20) years of imprisonment or a fine of $250,000.00, or both such imprisonment and fine, as well as a

2

mandatory special assessment of $100.00 and a term of supervised release of five years.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent her from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4.   In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution to all victims of defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5.   Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6.   For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released

from custody.   For all other offenses, the Court may impose a term of supervised release to be served following release from custody.   During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use.   If defendant violates the conditions of her supervised release, the Court may revoke her supervised release and sentence her to an additional term of imprisonment.   This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release.   When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

7.      The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines.   Based upon the information known to the

parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

a.     The parties agree that U.S.S.G. § 2B1.1(a)(1) (base level of 7) applies.

b.     The parties agree that defendant's loss amount is $467,352.43 ~~$484,454.85~~, so U.S.S.G. § 2B1.1(b)(1)(G)(+12) applies.

*BH*

c.     The parties agree that the amount of defendant's restitution should be $467,352.43 (money she diverted from the Oklahoma Operating Engineers Welfare Plan (the "Plan")) ~~plus $17,102.42 (lost earnings due to the money not being in the Plan), for a total of $484,454.85~~, and defendant agrees to pay that amount of restitution.  The parties further agree that defendant will receive proper credit for any payments she makes to the Plan, before sentencing, toward this stipulated amount of restitution.

*BH*

e.     The parties agree that defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), if she commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement.  Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and U.S.S.G. § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of

§ 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(A) & (B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw her plea of guilty. Upon defendant's signing of this plea agreement, the United States intends to end its investigation of the allegations in the Information as to defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to defendant. However, subject to the terms and conditions of this plea agreement (particularly the Plea Supplement), the

6

United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

## Waiver of Right to Appeal and Bring Collateral Challenge

8.     Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining her sentence.   Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offenses to which she is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

a.     Defendant waives her right to appeal her guilty plea, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

7

b.    Except as stated immediately below, defendant waives her right to appeal her sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined.  If the sentence is above the advisory guideline range determined by the Court to apply to her case, this waiver does not include defendant's right to appeal specifically the substantive reasonableness of her sentence;

c.    Defendant waives her right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) her conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

9.    Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined.  If the sentence is below the advisory guideline range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

## Waiver of FOIA and Privacy Act Rights

10.     Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

## Obligations of Defendant and Abandonment

11.     Defendant shall commit no further crimes.  It is understood that should defendant commit any further crimes or should it be determined that she has knowingly given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all her federal criminal violations, including perjury and obstruction of justice.  Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with

9

respect to any prosecution that is not time-barred on the date that this agreement is signed.

12.    The parties also recognize that if the Court determines defendant has violated any provision of this agreement or authorizes defendant to withdraw from her knowing and voluntary guilty plea entered pursuant to this agreement: (a) all written or oral statements made by defendant to the Court or to federal or other designated law enforcement agents, any testimony given by defendant before a grand jury or other tribunal, whether before or after the signing of this agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives the rights described in this paragraph as of the time she signs this agreement.

13.    Defendant voluntarily abandons any and all right, title, interest, and claim, if any, in and to the following property:

10

- Weokie check number 059056 made payable to American Eagle Title (Re: Susan Tyson) in the amount of $80,344.40, dated January 17, 2017;

- Weokie check number 059060 made payable to American Eagle Title (Re: Susan Tyson) in the amount of $6,981.66, dated January 18, 2017; and

- Chase check number 9411112848 made payable to American Eagle Title (Remitter Susan Michelle Tyson) in the amount of $70,000, dated January 14, 2017

and, in accordance with her restitution obligations described above, agrees to take all necessary steps to renegotiate or otherwise convert said property to the benefit of the victim in this case.

## The Obligations of the United States

14.    If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States Attorney's Office for the Western District of Oklahoma will not further prosecute defendant for any other crimes related to her participation in a scheme to embezzle funds from the Plan from in or around July 2014 through in or around January 2017. This agreement does not provide any protection against prosecution for any crime not specifically described above.

11

15.   It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

## Signatures

16.    By signing this agreement, defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms.  Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning her plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 2 day of May, 2017.

MARK A. YANCEY
United States Attorney

**APPROVED:**

_____
CHRIS M. STEPHENS
Deputy Chief, Criminal Division

_____
BRANDON HALE
WILLIAM E. FARRIOR
Assistant U.S. Attorneys
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8713 (Office)
(405) 553-8888 (Fax)

_____
SUSAN MICHELLE TYSON

_____
TERESA BROWN
Attorney for Defendant

13