IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-118-HE |
| ) | |
| SUSAN MICHELLE TYSON, ) | |
| ) | |
| Defendant. ) | |

SENTENCING MEMORANDUM

Pursuant Title 18, United States Code, §3553 and *United States v. Booker*, 125 S.Ct. 738 (2005), Susan Michelle Tyson, through her attorney, Teresa Brown, submits this sentencing memorandum. Specifically, counsel addresses specific objections to the Presentence Report and mitigating factors which suggest a sentence within the advisory guideline which is sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code, § 3553(a).

***The Kinds of Sentences Available and The Sentencing Range Established by the Sentencing Commission***

Guideline Calculation-Acceptance of Responsibility

The PSR writer suggests the Court should reconsider a three level reduction for acceptance of responsibility given in Paragraphs 23-25 of the PSR for conduct that is inconsistent with acceptance of responsibility. However, the facts are overwhelming that Ms. Tyson has accepted responsibility for the offense and has not committed any new offense. Ms. Tyson took money from her employer for approximately two and half years,

from July, 2014 until January, 2017. At the end of January, 2017 she was terminated from her employment and she moved in with her aunt. After she was terminated and initially without benefit of counsel, Ms. Tyson began to immediately accept responsibility for her criminal conduct as follows:

1. When her home contractor called and advised her the FBI had questioned him about their dealings and her whereabouts, she immediately called the FBI and agreed to meet with them;

2. On March 10, 2017, Ms. Tyson voluntarily met with the FBI Agents and confessed. She described the extent, the time frame and the manner in which she committed the embezzlement;

3. During her first and subsequent meetings with the FBI and without counsel, Ms. Tyson admitted she was in possession of checks totaling $157,326.06 which were proceeds from the embezzlement and which were being held in escrow at a title company for the purchase of a new home;

4. On April 4, 2017, counsel was appointed to represent Ms. Tyson since she had become a target of the embezzlement investigation. By May 26, 2017, Ms. Tyson had signed a plea agreement with the government and a plea petition to plead guilty to an Information;

5. During this time frame and by agreement with the government, Ms. Tyson agreed to meet with the FBI Agents at two of her banks to have the checks from the title company signed over and given to the FBI Agents for the purpose of being applied to the restitution;

6. She pled guilty before this Court on June 26, 2017 and was released on pretrial

conditions. Ms. Tyson was arrested on a warrant issued by this Court for violating her pretrial conditions on August 11, 2017 and during the meeting with counsel Ms. Tyson discussed and agreed to have her two adult children help her liquidate any of her remaining assets in anticipating of paying restitution in this case. During this time frame she signed a power of attorney over to her children to enable them to liquidate her assets. On August 22, 2017, this Court revoked Ms. Tyson's pretrial release and placed her in custody of the USMS because she violated her conditions by traveling without permission to Texas overnight and for being deceptive about her job duties at her new job at Hobby Lobby. Although perhaps it appears that Ms. Tyson was not taking pretrial release conditions seriously, Ms. Tyson was deceptive about her job duties at Hobby Lobby because it was such a good paying job and not for any nefarious reason; and,

7. Ms. Tyson made arrangements by signing a power of attorney over to her two adult children and directed them to close out automatic bill payments in her checking account and to sell any assets to pay restitution. They have sold her truck and a motortrike and will pay it toward the restitution. Counsel for Ms. Tyson has made inquiries with the government and the United States Probation Office as to who to pay or how those funds can be distributed in anticipation of an Order of restitution by this Court. Ms. Tyson's children will readily turn over the money when it is determined how this should be accomplished.

Restitution

The government and Ms. Tyson entered into a plea agreement which specifically addresses and agrees to restitution in the amount of $467,352.43 which she diverted from the Oklahoma Operating Engineers Welfare Plan. See, Plea Agreement, Paragraphs 4, 7(b), 7(c) and 13. (Doc. 9). Paragraph 13 specifically addressed the three checks she possessed and agreed to voluntarily abandon and "take all necessary steps to renegotiate or otherwise convert said property to the benefit of the victim in this case. Under Paragraph 7(c), the parties agreed that Ms. Tyson will receive proper credit for any payments she makes to the Plan, before sentencing, toward this stipulated amount of restitution. Ms. Tyson has renegotiated the checks referenced in Paragraph 13 and gave the checks to the FBI. The PSR reflects the checks have been credited against restitution, bringing the total restitution due to $309,996.37. See PSR, Para. 21 and 90.

The parties agreed to strike restitution "plus $17,102.42 (lost earnings due to the money not being in the Plan), for a total of $484,454.85" from the sentence in the plea agreement describing restitution in Paragraph 7 (c). However, the Victim Impact section of the Revised Report and Revised Addendum to the PSR includes a Declaration of Victim Loss Statement requesting restitution for the amount of theft, plus $17,102.42 in lost earnings (interest the Plan would have earned had the money not been missing from the account). The PSR writer unsuccessfully contacted Ms. Tyson's employer, Zenith for additional supporting information. Counsel for Ms. Tyson has objected to the additional requested amounts based

on the requested amounts (1) are not contemplated by restitution statutes and (2) are not supported by documentation, which may require a lengthy or separate hearing on restitution. Title 18, United States Code, §3663(a)(2) and (b)(4), §3664(d)(1),(4), (5) and (6).

## Conclusion

Based on the objections contained in this sentencing memorandum and other mitigating factors, counsel requests a this Court sentence within the calculated advisory guideline and restitution be ordered consistent with the plea agreement which is sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code, § 3553(a).

Respectfully submitted,

S/TERESA BROWN
TERESA BROWN    OBA #4725
Assistant Federal Public Defender
Suite 109  215 Dean A. McGee
Oklahoma City, Oklahoma 73102
(405) 609-5930
(405) 609-5932 FAX
teresa_brown@fd.org
COUNSEL FOR DEFENDANT
SUSAN MICHELLE TYSON

### CERTIFICATE OF SERVICE

I hereby certify on this 15th day of January, 2018, I electronically transmitted the attached document entitled Sentencing Memorandum to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Brandon Hale, Assistant United States Attorney, counsel for plaintiff.

S/TERESA BROWN
TERESA BROWN